UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Evelyn Flores and Roy R. Flores | ) ) | |
| Plaintiff, | ) ) | 16CV05536 |
| v. | ) ) | Judge: Hon. |
| FCI LENDER SERVICES, INC. | ) ) | Magistrate: Hon. |
| Defendants. | ) ) ) | |

**COMPLAINT AT LAW**

Plaintiffs, Evelyn Flores and Roy R. Flores (hereinafter "FLORES"), by and through their attorneys, SWEIS LAW FIRM, P.C., hereby complains of the Defendants, FCI LENDER SERVICES, INC., (FCI), a California Corporation, as follows:

**NATURE OF THE ACTION**

1. Flores brings this action for damages from violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereinafter FDCPA).

**JURISDICTION AND VENUE**

2. This action arises under, and is brought pursuant to, the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692k(d), and 28 U.S.C. §§1331, 1337, as the action arises under the laws of the United States, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as FCI does business in this District and all of the events or omissions giving rise to the claims occurred within this District.

## PARTIES

4. Plaintiffs Flores are natural persons currently residing in Kane County, state of Illinois.

5. Defendant FCI is a California Corporation acting as a mortgage servicer with its principal place of business at 8180 E. Kaiser Blvd Anaheim Hills, CA 92808.

6. Defendant FCI is a California Corporation acting as a mortgage servicer with its principal place of business in Anaheim Hills, California. FCI is a foreign corporation authorized to do business in Illinois and is in the business of collecting debts from consumers in Illinois.

## FACTS SUPPORTING CAUSE OF ACTION

### a. The Foreclosure Action

7. On or about September 25, 2015, Flores concluded the consent foreclosure of their former residence in Kane County by Syncretic Financial, Inc. The action was styled as *Syncretic Financial, Inc., v. Evelyn Flores, Roy Flores, U.S. Bank National Association, ND, Mirador Community Association*, 13 CH 1458.

8. On and after September 25, 2015 Flores carried no actionable debt and held no account(s) with Syncretic Financial, Inc., or anyone else in connection with the foreclosed debt.

### b. Defendants' Post Foreclosure Conduct

9. After the entry of the consent judgment, FCI contacted Flores regularly issuing multiple statements to collect a debt throughout the months of October 2015, November 2015, December 2015, January 2016 and February 2016.

10. Each correspondence claimed a monetary obligation due and owing by Flores to FCI, as debt collector.

11. On or about October 16, 2015, FCI issued correspondence to Flores's attention indicated that the debt is delinquent and that Flores must pay Two Hundred Ninety Eight Thousand Two Hundred Seventeen and 18/100 ($298,217.18) in order to bring the debt current.

12. On or about November 16, 2015, FCI issued correspondence to Flores's attention indicated that the debt is delinquent and that Flores must pay Three Hundred Two Thousand Six Hundred Five Dollars and 80/100 ($302,605.80) in order to bring the debt current.

13. On or about December 17, 2015, FCI issued further correspondence to Flores's attention indicated that the debt is delinquent and that Flores must pay Three Hundred Six Thousand Nine Hundred Ninety Four Dollars and 42/100 ($306,994.42) in order to bring the debt current.

14. On or about January 1, 2016, FCI issued correspondence to Flores's attention indicated that the debt is delinquent and that Flores must pay Three Hundred Eleven Thousand Three Hundred Eighty Three Dollars and 04/100 ($311,383.04) in order to bring the debt current.

15. When FCI contacted Flores to collect on the debt, it did not have any legal authority to collect the debt.

16. On information and belief, it is a normal business practice of FCI to ignore the actual judgment orders entered by courts of competent jurisdiction, and attempt to collect on the debt thereafter.

### COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

17. Flores restates and realleges paragraphs 1 through 20 as though fully set forth herein.

18. Flores is a consumer under 15 U.S.C. §1692a(3), as the subject mortgage loan created a debt and obligated her to repay a debt.

19. FCI qualifies as a debt collector under §1692a(6) as it uses an instrumentality of interstate commerce or the mails to collect debts and enforce security interests. Moreover, FCI acquired servicing or an ownership right to the loan after the loan was in default.

20. FCI performed all acts complained of without any right to collect upon the alleged delinquent balance.

21. FCI violated 15 U.S.C. §§1692f (1) and 1692e (10) by attempting to collect an amount not authorized by law and by using a false and deceptive means to collect a debt.

22. When FCI sent its demand letter to Flores, its claim to money was barred by operation of her foreclosure action concluding without an *in personam* deficiency judgment.

23. FCI's demand letter was false and misleading because it claimed there was personal liability when the underlying judgment extinguishes the debt.

24. Moreover, FCI's demand letter was false and misleading because it represents that the loan is in active servicing, and has a past due balance.

25. FCI possessed actual notice and knowledge of the foreclosure order as FCI became a default servicer prior to the conclusion of the foreclosure case.

26. Flores, as a direct result of FCI's conduct, was forced to retain litigation counsel to defend against this conduct, and was assessed legal fees and charges.

WHEREFORE, Plaintiff Flores respectfully requests that this Honorable Court:

a. enter judgment in his favor and against FCI LENDER SERVICES, INC ;
b. declare that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;
c. award Flores statutory damages in an amount to be determined at trial;
d. award Flores costs and reasonable attorney fees under 15 U.S.C. §1692k; and
e. award any other relief as this Honorable Court deems just and appropriate.

Plaintiff demands trial by jury.

Respectfully Submitted,

By: ___/s/ David R. Sweis____
 **David R. Sweis**
 Attorney for Plaintiff

**Name** Sweis Law Firm, P.C.
**ARDC #:** 6293914
**Attorney for:** Plaintiff
**Address:** 2803 Butterfield Rd., Suite 170
**City/State/Zip:** Oak Brook, IL 60523
**Telephone:** (630) 575-8505